(22 App. Div. 506.)

### SIEMER v. FEDERALL.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. Justices of the Peace—Pleading.
　　In an action in a justice's court, to recover the value of paint sold and delivered, the complaint consisted of an itemized statement in the ordinary form of a bill for goods sold, with a verification by plaintiff to the effect that it was correct, that the material had been furnished, that the charges

were reasonable, and that no part thereof had been paid. The summons. served, and the return of the justice, referred to it as the complaint. On the return day the parties appeared by counsel and answered, "Ready." *Held,* that the bill was sufficient to constitute a complaint.

2. APPEAL—REVIEW.

Upon an appeal to the appellate division from a judgment of the county court affirming a judgment in favor of plaintiff rendered in a justice's court, if the record is not destitute of proof tending to establish a cause of action in plaintiff's favor, the determination of the justice is conclusive.

Appeal from Richmond county court.

Action by John C. Siemer against Rudolph Federall. From a judgment of the county court, affirming a judgment in favor of plaintiff rendered by a justice, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

W. J. Powers, for appellant.

Benjamin Steber, for respondent.

PER CURIAM. The evidence in this case is quite meager, but enough appears to show that the defendant authorized the painter, employed by him to paint his house, to obtain paint for that purpose from the plaintiff. The painter testified that, in pursuance of an arrangement with the defendant, he obtained an order from the Bachman Brewing Company, the proprietor of which was a brother-in-law of the defendant, upon which he procured the paint, and that the same was put upon the defendant's house. Other witnesses corroborated the statement that the paint was obtained and placed upon the house. A bookkeeper of the brewing company testified that he was in the habit of signing orders for paint to be used upon the defendant's dwelling. The defendant denied the existence of an arrangement with the painter to obtain the paint, testified that he had paid for the paint used upon his house, and denied that he had authorized any one to obtain the paint mentioned in the bill upon his credit. We think that this evidence, although meager, was sufficient to support the finding by the justice that the paint was delivered to the defendant in pursuance of an arrangement made by him, in consequence of which liability was created against him therefor. The bill for the paint, taken in connection with the verification of the same by the plaintiff, and the statement made to the justice as set forth in his return, was sufficient to constitute the same a complaint. It stated informally a cause of action. There does not appear to have been any contest over the amount of the bill or the prices which were charged. No motion was made for a nonsuit or other question raised beyond the denial of authorization by the defendant to purchase the paint upon his credit. While the proceedings were quite informal, and the proof somewhat meager, yet it is such informality and meagerness as is frequently met with in justices' courts. It is sufficient now to say that the record is not destitute of proof tending to establish a cause of action in plaintiff's favor, and therefore a cause was made for the justice to determine, and his determination is conclusive.

The judgment should be affirmed, with costs.